NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTHONY H. N. SCHNELLING, as Trustee of the Impath Bankruptcy Liquidation Trust, | : : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : : | **OPINION** |
| v. | : : | Civil Action No.05-CV-3756 (DMC) |
| KPMG LLP, | : | |
| Defendants. | | |

DENNIS M. CAVANAUGH, U.S.D.J.:

    This matter comes before the Court upon a motion by KPMG LLP ("Defendant") to amend the Court's interlocutory Order denying Defendant's motion to dismiss Anthony Schnelling's ("Trustee") Complaint and to certify it for immediate appeal pursuant to 28 U.S.C. § 1292(b). Oral argument was not heard on this matter pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that Defendant's motion is **denied**.

## I. BACKGROUND

    Plaintiff brought this action on behalf of Impath, Incorporated ("Impath") and its former shareholders. At one time Impath was one of the fastest growing biotechnology companies in the United States. In 1998, Defendant developed an accounts receivable reporting system, known as the Impulse system, for Impath. The Impulse system was flawed and allowed for Defendant's

auditors to book unsupported entries that inflated the accounts receivable during that time. This resulted in fraud that approached an overstatement of $100 million in pretax income from 1999 through 2003. Plaintiff alleges Defendant purposely, or recklessly, ignored the numerous signs indicating the existence of fraud. In response to these allegations, Defendant argues that Impath engaged in fraud against Defendant and others to secure loans from commercial banks in order to expand its business.

On July 30, 2003, Impath disclosed "accounting irregularities" to the public and as a result, the banks who had extended loans to Impath stopped extending credit. This forced Impath to file for Chapter 11 protections in the United States Bankruptcy Court for the Southern District of New York. At around the same time Impath filed for Chapter 11, some shareholders filed putative class action lawsuits in the United States District Court for the Southern District of New York against Impath, and Impath's directors and officers. Defendant was not named as a party in that lawsuit, but Defendant's lawyers actively participated in both the class action suit and the bankruptcy proceedings.

The class action against Impath eventually settled. The settlement agreement, among other things, provided for the assignment of the class action plaintiffs' claims to a Trustee. The parties decided the proceeds of the assigned claims would be divided among the two classes, with class action plaintiffs receiving 22% of any recovery and Impath's current shareholders receiving 78% of any recovery. The settlement agreement was incorporated into Impath's Third Amended Joint Plan of Liquidation (the "Plan"), under which a liquidating trust was established. The Bankruptcy Court affirmed the Plan on March 21, 2005, and creditors were paid in full and the liquidating trust was established for the benefit of class action plaintiffs and Impath's

shareholders. The settlement agreement stated that the class action plaintiffs' claims and current shareholders' claims against KPMG would be assigned to the Trustee for their mutual benefit. By agreeing to bear the cost of the lawsuit, Impath was able to settle for a lesser amount because the shareholders had the expectation that they would receive more money in the future from the liquidating trust. On July 22, 2005, the Plan became effective and from that date on the class action plaintiffs no longer had standing to sue on their own behalf.

The Trustee has now brought an action against Defendant for its role in the fraud that resulted in Impath's demise. On September 30, 2005, Defendant filed a motion to dismiss, arguing the Trustee lacks standing to file the federal securities fraud claim and that the other state law claims should be dismissed because, without the federal securities fraud claim, this Court lacks supplemental jurisdiction over the remaining state law claims. On February 2, 2006, this Court heard oral argument and denied Defendant's motion to dismiss. On February 8, 2006, Defendant filed a motion to amend the Court's Order denying Defendant's motion to dismiss Trustee's Complaint and to certify it for immediate appeal pursuant to 28 U.S.C. § 1292(b).

## II. DISCUSSION

### A. Standard of Review

The denial of a motion to dismiss is an interlocutory order and thus generally not appealable. However, 28 U.S.C. § 1292(b) permits a district court to certify for immediate appeal an otherwise non-appealable order, if it is satisfied "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The statute imposes three requirements before certification may be granted. The

order to be certified must (1) involve a controlling question of law; (2) offer substantial ground for difference of opinion; and (3) have the potential to materially advance the ultimate termination of the litigation, if appealed immediately.  See Katz v. Carte Blanche Corp., 496 F.2d 747, 753 (3d Cir.1974); P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F.Supp.2d 355, 358 (D.N.J.2001).  Certification is entirely within the district court's discretion even if the three criteria are met; indeed, courts have acknowledged that "certification is appropriate only in exceptional cases." Piazza v. Major League Baseball , 836 F.Supp. 269, 270 (E.D.Pa.1993) (internal quotations and citations omitted); see also Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir.1976).

### B. Controlling Question of Law

In the Third Circuit, a controlling issue of law is one that if erroneously decided, would result in reversible error on final appeal. Katz, 496 F.2d at 755.  Controlling means "serious to the conduct of the litigation, either practically or legally." Russ-Tobias v. Penn. Bd. of Prob. and Parole, No.04-0270, 2006 WL 516771, *33 (E.D. Pa. Mar. 2, 2006), citing Katz, 496 F.2d at 756. On a practical level, saving time for the District Court, or expense to the litigants, are both considered highly relevant factors. Id.  Defendant argues that this Court's February 2006 Order involves two controlling questions of law: (1) whether a trustee has standing to assert claims assigned to him by shareholders who are creditors of the estate where the assignment allocates a portion of the proceeds of those claims to the shareholders and grants the shareholders certain control over the manner in which the claims can be litigated or settled; and (2) whether the common law doctrine of res judicata bars Defendant's challenge to Trustee's standing before this

Court. (Def. Br. in Supp. of Mot. for Certification of Appeal ("Def. Br.") at 5-6). If the Court of Appeals were to determine the Trustee does not have standing before this Court, this action could not go forward and the Trustee's claims would be dismissed. Likewise, a finding by the Third Circuit that the doctrine of res judicata does not bar Defendant's challenge to Trustee's standing, could theoretically result in a dismissal of this case. Therefore, Defendant has shown that this Court's February 2, 2006 Order denying Defendant's motion to dismiss contains two controlling issues of law.

### C. Substantial Ground for Difference of Opinion

A substantial ground for difference of opinion exists when there is a genuine doubt or conflicting precedent as to the correct legal standard. Bradburn Parent Teacher Store, Inc. v. 3M, No. 02-7676, 2005 WL 1819969, at *3 (E.D. Pa. Aug. 2, 2005). In order to show that a substantial ground for difference of opinion exists, a moving party must demonstrate that the court applied one legal standard and that "other courts have substantially differed in applying that standard." Harter v. GAF Corp., 150 F.R.D. 502, 518 (D.N.J. 1993).

Here, Defendant argues that both of the above issues involve "uncertain areas of law." (Def. Br. at 8). However, in Semi-Tech Litig., LLC v. Bankers Trust Co., 272 F. Supp. 319 (S.D.N.Y. 2003), the court held that an assignee had standing to assert claims of third parties and went on to apply the principles of res judicata to the defendants' arguments against the plaintiff's standing. Id. at 324-27. Defendant has failed to show conflicting decisions or any existing splits between courts in this jurisdiction regarding the two issues raised. As such, the Court finds Defendant has failed to satisfy this requirement under 28 U.S.C. § 1292(b).

**D. Whether Appeal will Materially Advance the Termination of this Litigation**

Due to the fact that Defendant failed to satisfy the second requirement, there is no reason to continue with this part of the analysis. All three requirements must be satisfied for a court to certify an issue for appeal. Therefore, the Court will not address this issue.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendant has failed to satisfy its heavy burden. Defendant has failed to satisfy the requirements set forth in 28 U.S.C. § 1292(b) for this Court to certify its appeal. Therefore, Defendant's motion is **denied**. An appropriate Order accompanies this Opinion.

                                                                   S/ Dennis M. Cavanaugh
                                                          Dennis M. Cavanaugh, U.S.D.J.

Date:         May 31, 2006
Original:    Clerk's Office
Cc:          All Counsel of Record
              The Honorable Mark Falk, U.S.M.J.
              File